Filed 5/13/24  P. v. Guzman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO GUZMAN,<br><br>    Defendant and Appellant. | F086508<br><br>(Super. Ct. No. 22CMS-4902)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Kathy Ciuffini, Judge.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Peña, J.

Appellate counsel for defendant Francisco Guzman has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated March 5, 2024, we also invited defendant to submit additional briefing. Defendant did not file a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

On December 8, 2022, a felony complaint was filed charging defendant with grand theft (Pen. Code,[1] § 487, subd. (a), a felony; count 1), and receiving stolen property (§ 496, subd. (a), a felony; count 2). On or about January 2, 2023, defendant submitted a request pursuant to section 1381 that he be tried of these charges within 90 days. After there was disagreement between the parties about when a request had been made and received by the district attorney's office, the parties stipulated that the 90-day period specified in section 1381 would begin to run from January 3, 2023.

On February 10, 2023, a hearing was held pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. Outside the presence of the prosecution, defendant expressed his concerns that defense counsel had not adequately pursued questions about the timing of the section 1381 notice, as well as seeking discovery from the prosecution. Defense counsel responded to these concerns expressed by defendant explaining what he had reviewed and obtained from both defendant and the prosecution as discovery. After seeking

---

[1] All further statutory references are to the Penal Code.

2.

clarification on a number of points raised by defendant and his counsel, the trial court denied the *Marsden* request to replace his attorney.

On February 22, 2023, an information was filed charging defendant with the same two counts stated in the complaint, grand theft and receiving stolen property. However, now attached to each count were special allegations that defendant had a prior conviction of a serious or violent felony or juvenile adjudication in 1995 (§§ 667, subd. (b)– (i), 1170.12, subd. (a)–(d)). On March 27, 2023, the information was amended to remove the special allegations involving the prior conviction or adjudication.

On March 6, 2023, defendant made another request for a *Marsden* hearing. During this hearing, defendant stated he was receiving ineffective assistance of counsel, and that his attorney was not following up on witnesses and other information he asked counsel to explore. Defense counsel addressed these concerns, along with defendant's continued concerns about his section 1381 request.[2] The trial court again denied defendant's *Marsden* motion at the end of the hearing.

A jury trial of the allegations brought against defendant was commenced on March 27, 2023. The jury found defendant guilty of grand theft (count 1) on March 28, 2023. On May 1, 2023, defendant was sentenced to the middle term of two years and given 165 total credits for his time spent in custody. A timely notice of appeal was then filed.

## FACTUAL SUMMARY

The testimony and evidence submitted in this case showed merchandise from a retail chain store was taken from a storage room by an individual who was seen on a video camera located in the storage room. After an alarm was triggered at approximately 8:00 p.m., and after realizing one specific item was missing, the manager of the store

---

[2]    This was despite the fact the parties already agreed on the record that the section 1381 request would run from January 3, 2023.

contacted the district loss prevention manager for the chain store, who was able to view video of the theft and provide a description of the person seen taking items in the storage room.

On this same evening near the time of the theft shown on the video, a sheriff's deputy stopped a vehicle because it had expired tags. The deputy noticed items in the car from the chain store, in a trash bag, with the alarm tags still attached. The deputy also found a brown shirt with a green logo and a black mask on the front passenger seat of the car. After the deputy contacted the chain store, he learned various items had just been taken from the store. The police officer who responded to the theft at the chain store, made contact with the sheriff's deputy and confirmed the clothing found was consistent with what had been seen on the store's video footage. When the deputy sheriff returned to the chain store with defendant and the items found in his car, the store manager was able to identify the items as merchandise from the store that had been taken from the storage room.

### Defense

Defendant testified on his own behalf. Defendant denied he was at the chain store on the day of the incident. Instead, defendant testified his sister asked him to pick up items she had purchased from an individual for her resale business. Because she was in Mexico and could not pick up the items herself, defendant went to the park after receiving a text from his sister about where to pick up the items. There defendant met an individual who provided the items to him in garbage bags, which he then threw into his car. When asked about the brown shirt with the green logo, defendant stated the shirt was in the bag and not on the passenger seat.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

We briefly address one matter. At various points, defendant claimed his trial attorney was not responding to a number of his requests. These claims and the statement defendant made at the second *Marsden* hearing raise an ineffective assistance of counsel argument. "On direct appeal, a conviction will be reversed for ineffective assistance [of counsel] only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Our review of the record submitted in this appeal, including the two *Marsden* hearings when his concerns were specifically addressed, fails to disclose evidence supporting any of the standards set out in *Mai*.

## DISPOSITION

The judgment is affirmed.